1PER CURIAM.
Writ granted. The defendant was convicted of molestation of a juvenile and aggravated oral sexual battery. The defendant filed a motion for new trial based on ineffective assistance of counsel and a motion to vacate judgment asserting the institution of prosecution had been untimely. Both matters were taken under advisement. By letter dated November 23, 1993 and entered into the record November 24, 1993, the trial court denied the motion for new trial but held “the plea of prescription is sustained and the verdict is set aside.”
On January 7, 1994, the state wrote a letter to the district court requesting him to reconsider. The defendant filed a motion and order to dismiss alleging that the trial court was without legal authority to proceed since appeal delays had lapsed. The trial court granted the motion to reconsider and reversed. The court of appeal denied writ.
The record shows the trial court erred in granting the defendant’s motion to vacate judgment (actually a motion in arrest of judgment under LSA-C.Cr.P. art. 859) since, at the time of indictment, LSA-C.Cr.P. art. 573(4) provided an exception to the running of time limitations for the offense charged.
However, the state failed to timely appeal the trial court’s ruling. LSA-C.Cr.P. art. 912(B)(2) asserts the state may appeal from an adverse judgment on a plea of time limitations, the basis of the defendant’s motion in arrest of judgment. LSA-C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is ^taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
The state failed to move for an appeal in open court or to file a written motion with the clerk no later than five days after the rendition of the judgment. Thus, the trial court was without jurisdiction to act on the motion to reconsider. The trial court’s ruling on the motion in arrest of judgment is reinstated.
MARCUS, J., concurs in the result.